#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF ROCKINGHAM, FEBRUARY TERM,

### A. D. 1828.

---

### THEODORE MOSES *et a. versus* PARKER NORRIS.

A carrier is answerable for all losses happening otherwise than by inevitable accident.

But trover will not lie against a carrier for goods which have been lost, the proper remedy being an action on the contract and not trover.

TROVER for 192 bars of iron, alleged to have been converted by the defendant to his own use on the 12th January, 1825.

The cause was tried here upon the general issue at February term, 1827, when it appeared in evidence, that the defendant received the bars of iron at Portsmouth, for the purpose of transporting them for the plaintiffs, from that place to Exeter ; that while the defendant was on the road between those two places in the act of transporting the iron, his sled broke down and the iron was left in the highway during a night, and that when the defendant arrived at Exeter with the iron, it was discovered, that two bars were missing. The plaintiffs demanded of the defendant the bill of the iron, which he declined delivering, until the iron was weighed. After several unsuccessful attempts to have the iron weighed, some altercations arose between the parties and the defendant hauled the iron away.

Some of the witnesses swore that the plaintiffs told the defendant, that he had better leave the iron at their store and they would have it weighed. Others swore that the plaintiffs said, that two bars were missing and they would have nothing to do with the iron, and that the defendant said, that he did not want the iron and that he wished the plaintiffs to take it. There was also evidence tending to prove, that the plaintiffs told the defendant to carry the iron away and they would charge him with the whole quantity.

Upon this evidence the jury were instructed by the court, that, if they were satisfied that the plaintiffs demanded the iron of the defendant and he carried it away without their assent, this was a conversion of the whole quantity of iron which the defendant received at Portsmouth and they were bound by law to find for the plaintiffs.

But in case they should believe from the evidence that the plaintiffs refused to take the iron and charged it to the defendant, intending a sale, and that the defendant assented to this and carried away the iron, supposing that he had bought it, this action could not be supported, and they were bound to find for the defendant.

The jury having returned a verdict in favor of the defendant, the plaintiffs moved for a new trial on the ground that the jury were misdirected in a matter of law.

*Tilton* and *Mason*, for the plaintiffs.

*Sullivan*, for the defendant.

RICHARDSON, C. J. The facts in this case are not so fully stated as to present the real question which is to be decided, so plainly and distinctly as could be wished.

In the first place, it is not mentioned, whether the defendant was a carrier for hire, or not. We are inclined however to think, that it must be presumed from the facts stated, that he was a carrier for hire. In the next place, it is not stated how the bars came to be missing, and we are left to conjecture that they were lost while lying in the road during the night. It is however clear,

that they cannot be presumed to be missing through the fraud of the defendant, because fraud is never to be presumed.

We shall therefore consider the facts to be, that the defendant was a carrier for hire, and that the two bars were lost without any fraud on his part, and then the only question of law to be decided in the case is, whether the loss of the two bars was a conversion of the whole or any part of the iron by the defendant ?

It seems to be well settled that all persons carrying goods for hire come under the denomination of common carriers. Buller's N. P. 70 ; Cro. J. 262, *Rogers* v. *Head* ; 1 Wil. 281, *Dale* v. *Hall* ; 1 Selw. N. P. 240.

And a carrier is answerable for all losses happening otherwise than by inevitable accident. 1 Niel Gow, 115, *Covington* v. *Willan* ; 3 Espin. N. P. C. 127, *The Proprietors of the Trent Navigation* v. *Wood* ; 2 Starkie's N. P. C. 323, *Stuart* v. *Crawley* ; 11 Johns. 107, *Kemp* v. *Coughtry* ; 10 ditto, 1, *Elliot* v. *Russell* ; 4 Burr. 2298, *Gibbon* v. *Payton* ; 1 D. & E. 27, *Forward* v. *Pittard* ; Jones on Bailments, 171 ; 6 Johns. 160 ; 1 Pick. 50 ; 15 Johns, 39 ; 12 ditto, 232.

But it is also well settled, that trover will not lie against a carrier for goods which have been lost by him, the proper remedy being an action on his contract and not trover. 5 Burr. 2825, *Ross* v. *Johnson* ; 2 Salk. 655 ; 1 Ven. 223 ; 1 Selw. N. P. 341.

We are therefore of opinion, that the evidence was not sufficient to shew any conversion of the two bars that were lost by the defendant.

With respect to the residue of the iron, it was very properly referred to the jury to say, whether the defendant refused to deliver it, when demanded at Exeter ; or, whether the plaintiffs refused to receive it. We see no reason for disturbing the verdict, and there must be

*Judgment for the defendant.*